UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MEGAN AND JACOB McKELLIPS, )
Individually and as Co-Personal )
Representatives of the estate of Wesley )
Jacob McKellips, )
                                               )
                  Plaintiffs, )
                                               )
v. )        Case No. 13-cv-2393-JTM-TJJ
                                                 )
KUMHO TIRE CO., INC., et al. )
                                                 )
                  Defendants. )

## **ORDER**

On July 16, 2014, at the request of the parties and after reviewing the proposed protective orders of Plaintiffs and Defendants, the Court conducted a telephone conference over the parties' disputes regarding two specific protective order provisions. Plaintiffs appeared through counsel, Chad C. Lucas and Lara Guscott. Defendants appeared through counsel, Rebecca L. Ulisse, Kenneth J. Duvall, and Ryan C. Hudson. This Order memorializes the Court's rulings during the conference.

**I.**      **Plaintiffs' Proposed Sharing Provision**

The first issue raised by the parties was their dispute regarding the inclusion of a sharing provision in the protective order. Plaintiffs propose a provision allowing designated confidential information to be disclosed to:

> Any attorney representing a party in a personal injury or wrongful death case against [Defendants] Kumho Tire Co., Inc. and/or Kumho Tire U.S.A., Inc. wherein it is alleged that the injury or death was caused in whole or part by a tread separation or tire defect in a Kumho Road Venture tire.

Plaintiffs argue that such a sharing provision in a products liability case promotes efficiencies in terms of discovery for both plaintiffs' attorneys and for the defendant, reduces discovery costs,

promotes public safety, and facilitates the identification of discrepancies or inconsistencies in discovery produced by defendants in different cases. Plaintiffs note that protective orders including similar sharing provisions have been entered in a number of other product liability cases in which Plaintiffs' counsel have been involved.   Plaintiffs, however, could not cite any pending cases against Defendants involving tread separation or tire defect claims, and could cite no cases from this District in which protective orders were entered with sharing provisions.[1]

Defendants object to the inclusion of the proposed sharing provision. They argue that there is no need for the sharing provision proposed by Plaintiffs because the protective order already contains a provision allowing disclosure to other persons upon the consent of the producing party and on such conditions as the parties may agree. Defendants do not believe that a sharing provision is appropriate on the present record and are concerned that any sharing greatly increases the potential for an inadvertent disclosure of valuable trade secret information that could harm them in the highly competitive tire industry. They also argue that such sharing provisions are not appropriate and are disfavored.

After hearing the respective positions of the parties and reviewing the applicable law, the Court determines that Plaintiffs' proposed sharing provision should not be included in the parties' protective order. The proposed provision is a "preemptive" sharing provision. It would essentially

---

[1] The Court notes that Magistrate Judge Bostwick in *Cowan v. General Motors Corp.*, No. 06-1330-MLB, 2007 WL 1796198, at *3–4 (D. Kan. June 19, 2007), entered a protective order that included a sharing provision. In that case, however, both the plaintiff and the defendant had proposed sharing provisions to their protective order, but with differing procedures. Although a sharing provision was allowed in the protective order, the provision was subject to limitations proposed by the defendant, including a requirement that any attorney involved in collateral litigation contact the defendant's attorney, who would then determine whether the collateral litigation involved a substantively similar product and issues. *Id.* Judge Bostwick cautioned that "[e]ven in cases such as the present one in which there is or may be a public interest in the information at issue, '[i]t does not necessarily follow . . . that a litigant has an unrestrained right to disseminate information that has been obtained through pretrial discovery.'" *Id.* at *4 (quoting *Seattle Times Co. v. Rinehart*, 467 U.S. 20, 31 (1984)).

allow discovery of Defendants' designated confidential information by as-yet unnamed plaintiffs or potential plaintiffs in collateral litigation without any court supervision and without any opportunity for Defendants to object to the disclosure. Plaintiffs' proposed sharing provision would give Plaintiffs' counsel the sole discretion to decide which attorneys met the criteria for disclosure of Defendants' confidential information. It does not require any advance notice be given to Defendants of those being provided confidential information, or any opportunity for Defendants to object in advance of the disclosure.

Plaintiffs have failed to convince the Court that such a preemptive sharing provision is appropriate or necessary at this point. Plaintiffs are not presently aware of any other pending collateral tire tread separation or defect litigation against Defendants.[2] As the Tenth Circuit instructed in *United Nuclear Corp. v. Cranford Insurance Co.*,[3] "the district court must refrain from issuing discovery orders applicable only to collateral litigation," and "a collateral litigant has no right to obtain discovery materials that are privileged or otherwise immune from eventual involuntary discovery in the collateral litigation."[4]

Rather than allowing the preemptive sharing provision proposed by Plaintiffs, the Court instead finds that any determination of whether designated confidential information should be disclosed to attorneys representing parties in other personal injury or wrongful death litigation should be made on an as-needed or case-by-case basis during the course of this litigation. Like the

---

[2] To the extent there may be other cases in this District in which the parties have mutually agreed to protective orders including preemptive sharing agreements, these cases are not compelling in this case, where Defendants strenuously object to such provision.

[3] 905 F.2d 1424, 1428 (10th Cir. 1990).

[4] *Id.*

court in *Petersen v. DaimlerChrysler Corp.*,[5] this Court is not persuaded that the inclusion of the proposed sharing provision is either appropriate or necessary, and has concerns that allowing the inclusion of such a preemptive sharing provision at this point would "open the barn doors" to disclosure of Defendants' confidential information to yet-unidentified collateral litigants. Nor have Plaintiffs convinced the Court that such a sharing provision would promote efficiency. If Plaintiffs become aware of other product liability cases involving allegations of tire separation or tire defect against Defendants, then they may raise this issue and the Court will consider it on a case-by-case basis.

**II.      Provisions Regarding the Return of Confidential Information**

The second disputed protective order provision was the length of time that Defendants' attorneys may retain copies of the confidential information following the termination of the lawsuit. After hearing from counsel on this issue, the Court finds that seven and half years is a reasonable compromise for the retention of confidential information following termination of the lawsuit.

Defendants are directed to make the necessary revisions to their proposed Protective Order in accordance with the Court's rulings made at the telephone conference and reflected herein and circulate it to opposing counsel. The revised Protective Order shall be e-mailed to *ksd_james_chambers@ksd.uscourts.gov* by **July 23, 2014.**

---

[5] *See Petersen v. DaimlerChrysler Corp.*, No. 1:06 CV 00108 TC PMW, 2007 WL 914738, at *1 (D. Utah Mar. 5, 2007) (rejecting the inclusion of either party's variant of a sharing provision that would allow the parties to share discovery with certain parties unrelated to the case), *aff'd*, 2007 WL 1176785 (D. Utah Apr. 4, 2007).

IT IS SO ORDERED.

Dated July 17, 2014, at Kansas City, Kansas.

                                                     *s/ Teresa J. James*
                                                     Teresa J. James
                                                     U.S. Magistrate Judge